STANLEY R. COLANTUONO & others *vs.* MILDRED COLANTUONO & others. June 20, 1969. This petition to revoke decrees of the Probate Court entered on September 13, 1946, was brought by the grandchildren and residuary legatees of the testatrix. They claim that the failure to appoint a guardian ad litem under G. L. c. 204, § 16, to represent their contingent interests at the time the 1946 decrees were entered "rendered the court without jurisdiction . . . and the decrees . . . were void and of no effect." See *Neafsey v. Chincholo*, 225 Mass. 12. The case was heard on a statement of agreed facts and a number of exhibits. A decree was entered revoking the 1946 decrees and the respondents appealed. The respondents admit that G. L. c. 204, § 16, required the appointment of a person to represent the contingent interests. However, they contend that "the petitioners were barred by laches . . . [and] [i]f they were not so barred . . . [they] did not have a meritorious claim against the property" of the testatrix or the owners of the property. We do not agree. The implicit finding of the judge that the grandchildren and residuary legatees were not guilty of laches was warranted. *Stewart v. Finkelstone*, 206 Mass. 28, 36. *McGrath v. C. T. Sherer Co.* 291 Mass. 35, 59–60. Under G. L. c. 192, § 3, the grandchildren and residuary legatees appear to have a meritorious claim.

*Decree affirmed.*
*Costs and expenses are to be in the discretion of the Probate Court.*

*Dennis M. Cronin* for the respondents Thomas J. Vassalotti, individually and as administrator, & another.
*Edward O. Proctor, Jr.*, for the petitioners.

COMMONWEALTH *vs.* WILLIAM M. ACKERMAN. June 23, 1969. A judge of the Superior Court sitting without jury convicted the defendant of rape in a trial subject to G. L. c. 278, §§ 33A–33G. At the trial the defendant was represented by counsel. The reported testimony shows that the charge was convincingly proved in detail. No question worthy of discussion has been raised. In this court the defendant, who had discharged his trial counsel, has written the clerk insisting on his right to represent himself and refusing to be represented by a lawyer appointed by the court.

*Judgment affirmed.*

The case was submitted on briefs.
*William M. Ackerman*, pro se.
*John P. S. Burke*, District Attorney, & *Peter F. Brady*, Assistant District Attorney, for the Commonwealth.